IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARSHA FLOYDEAN WALLACE                                    PLAINTIFF

V.                                    NO. 11-5237

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Marsha Floydean Wallace, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on October 10, 2007, alleging an

inability to work since August 1, 2006, due to heart problems, syncope, depression, asthma,

chronic obstructive pulmonary disease (COPD), high blood pressure (HBP), anxiety, and

weakness. (Tr. 183-184, 159, 171).  An administrative hearing was held on July 14, 2009, at

which Plaintiff appeared with counsel and testified.  (Tr. 10-48).

By written decision dated November 16, 2009, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe -

-1-

cardiac dysthymia, chronic obstructive pulmonary disease, asthma, anxiety disorder, and major

depression. (Tr.58). However, after reviewing all of the evidence presented, the ALJ determined

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed

in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 58). The

ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except claimant cannot do any sustained driving and must avoid work at unprotected heights and dangerous equipment. In addition, she must avoid concentrated exposure to dust, fumes, smoke, chemicals, and noxious gases. From a mental standpoint, she is able to perform repetitive routine work with superficial contact incidental to work with public and co-workers. Such work has non-complex simple instructions which are learned by rote with few variables and require little judgment and supervision is concrete, direct, and specific.

(Tr. 60). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would

be able to perform her past relevant work as a cleaner/janitor. (Tr. 63).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

made additional medical records a part of the record, and denied that request on August 19, 2011.

(Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned

pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the

case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) That Defendant erred in failing to consider all of the Plaintiff's impairments in combination; 2) That Defendant erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) That Defendant erred in finding that Plaintiff retains the RFC to perform medium work.  (Doc. 8).

### A.   Plaintiff's impairments in combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 57).  He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 57).  The ALJ also stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments " meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 57).  The ALJ considered Plaintiff's mental impairments singly and in combination.  (Tr. 58). This language

-4-

demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005). Based upon the foregoing, as well as the arguments set forth in Defendant's well-reasoned brief (Doc. 10 at pgs. 4-5), the Court finds there is substantial evidence to conclude that the ALJ considered the combined effects of Plaintiff's impairments.

**B.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff had the RFC to perform medium work with certain restrictions. (Tr. 60). The ALJ set forth restrictions with respect to environmental limitations, due to her cardiac and breathing symptoms, and provided specific mental restrictions, due to her anxiety and depression. The ALJ pointed out inconsistencies in Plaintiff's complaints versus her

AO72A
(Rev. 8/82)

activities.  For example, he noted that Plaintiff complained of back problems and difficulty standing and yet was able to frequently climb in and out of a vehicle and over the road traveling with her husband for three out of four weeks each month.  (Tr. 60).  He noted her complaints of poor focus and attention and yet recognized her ability to use the computer to play games and assist her husband with GPS directions during long hours on the road.  (Tr. 61).  He also noted that she complained of being unable to complete household tasks, and yet routinely washed and folded clothes at Laundromats while on the road.  (Tr. 61).  The ALJ also noted the fact that with respect to Plaintiff's cardiac dysthymia, the results of the diagnostic tests were all negative.  The ALJ concurred with the opinions of the state agency consultants, who provided assessments consistent with the ALJ's RFC assessment.  The ALJ discussed all of the medical findings regarding Plaintiff's cardiac dysthymia, back problems, respiratory impairment, and mental impairment, and based upon the record as a whole, the Court believes there is substantial evidence to support the fact that Plaintiff has the RFC to perform medium work, with certain environmental and mental limitations.

Based upon the foregoing, as well as the well-stated reasons set forth in Defendant's brief, the Court finds there is substantial evidence to support the ALJ's RFC Assessment.

### C.    Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not

-6-

discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ stated that after careful consideration of the evidence, he found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment.

The ALJ discussed Plaintiff's daily activities, stating that she was able to prepare daily meals and perform light household tasks, shop in stores once a week, but did not go alone, and watched television.  She was able to travel with her husband for three out of four weeks in a recreational vehicle, and play on her computer.  The ALJ also acknowledged the duration, frequency, and intensity of Plaintiff's pain, noting that in a pain report dated February 4, 2008, she states that she suffered from unusual fatigue which required that she nap twice a day.  He noted that Plaintiff's pain was constant and exacerbated by everything and that nothing helped the pain, even medication.  (Tr. 63).  However, he concluded that although pain was substantiated by the record, Plaintiff's degree of pain relief seeking behavior and treatment was not indicative of a degree of pain that would limit activities beyond the scope of his RFC.  (Tr. 63).

It is also noteworthy that with respect to Plaintiff's mental impairment (anxiety and major

-7-

depression), although Plaintiff was referred for counseling, she was counseled a few times and then refused further treatment. (Tr. 447). She also refused to participate in group treatment, which she was encouraged to do. (Tr. 448). In addition, Plaintiff was noted to be noncompliant at times with her medication, such as blood pressure medication. (Tr. 475). On April 4, 2007, Dr. Ronald J. Haberman, of Mercy Heart Group, indicated that he had no idea why Plaintiff was experiencing recurrent syncope and could find no definitive cause. (Tr. 512). He further stated that the symptoms Plaintiff described before passing out were clearly unrelated to heart rate or blood pressure. (Tr. 512). He concluded:

> I am not sure that I have anything further to offer this patient and other sources of syncope may need to be sought, such as seizures, etc. there is also a strong possibility that she is experiencing panic attacks. I will be happy to make a referral to a psychiatrist if this is not already been done.

> I had a very long discussion with the patient and try to make her understand that her severe symptoms are way out of proportion to the minimal abnormalities we have seen, such as PVCs. The patient is extremely focused on small abnormalities and is convinced that these are the cause of everything which has occurred....

(Tr. 512).

With respect to medication, on February 26, 2008, Plaintiff reported to Community Clinic at St. Francis House that she was feeling better overall, that her breathing and shortness of breath were much better on advair and combivent. (Tr. 693). She also reported that her back pain was relieved by Flexeril, and that she had some benefit for her anxiety symptoms with Klonopin and Celexa.

Based upon the foregoing, as well as the well-stated reasons set forth in Defendant's brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

-8-

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 5th day of February, 2013.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)